**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN ESTEVEZ, <br><br> Plaintiff, <br><br> v. <br><br> KINGSTONE INSURANCE CO., <br><br> Defendant. | Civil Action No. 22-05391 (SDW)(JRA) <br><br> **OPINION** <br><br> December 29, 2022 |

**THIS MATTER** having come before this Court upon Defendant Kingstone Insurance Co.'s ("Defendant") filing of a Motion to Dismiss Count II of Plaintiff John Estevez's ("Plaintiff") Amended Complaint, (D.E. 5), and this Court having reviewed the Amended Complaint, (D.E. 4), for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

**WHEREAS** Defendant issued an insurance policy covering Plaintiff's property located at 2 Bayberry Drive, Saddle River, New Jersey (the "Property). (D.E. 4 at ¶ 8.) The Policy was in effect on July 8, 2021, when the Property sustained damage resulting from severe weather, including hail. (*Id.* ¶¶ 9, 12.) Plaintiff retained a roofing company to inspect the loss and draft a damage report, and also obtained and produced to Defendant a hail report. (*Id.* ¶¶ 11–12.) Plaintiff notified Defendant about the damage and made a claim for benefits. (*Id.* ¶¶ 10, 13.) Defendant denied payment of the claim. (*Id.* ¶ 13.); and

**WHEREAS** on July 29, 2022, Plaintiff filed a Complaint in the Superior Court of Bergen County, New Jersey.[1] (*See* D.E. 1-2 at 5–7.) Defendant removed the matter to this Court on

---

[1] *Estevez v. Kingstone Ins. Co.*, case no. BER-L-004135-22.

September 2, 2022, (D.E. 1), and filed a Motion to Dismiss on September 8, 2022, (D.E. 3). Plaintiff filed an Amended Complaint on September 30, 2022, alleging the following two counts: breach of contract (Count I) and bad faith (Count II). (D.E. 4.) Defendant filed the instant Motion to Dismiss Count II of the Amended Complaint ("Partial Motion to Dismiss") on October 11, 2022. (D.E. 5.) Thereafter, the parties submitted timely briefing.[2] (D.E. 6, 7.); and

    **WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)

---

[2] Counsel are each reminded to submit correctly formatted briefs—briefs that comport with all requirements of the Local Rules— when filing any subsequent motions with this Court. See L. CIV. R. 7.2 (b)–(d).

(discussing the Iqbal standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

**WHEREAS** Defendant seeks to dismiss Count II of the Complaint, in which Plaintiff alleges bad faith.  (*See generally* D.E. 5.)  In New Jersey, "every contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement." *Pickett v. Lloyd's*, 621 A.2d 445, 450 (N.J. 1993).  Moreover, "an insurance company owes a duty of good faith to its insured in processing a first-party claim," and therefore courts "recognize [that] a cause of action for bad-faith failure to pay an insured's claim is consistent with New Jersey law." *Id.*  "In the case of denial of benefits, bad faith is established by showing that no debatable reasons existed for denial of the benefits. . . . [L]iability may be imposed for consequential economic losses that are fairly within the contemplation of the insurance company." *Id.* at 457–58.  Here, Plaintiff pleaded that the house at issue was covered by an insurance policy with Defendant; a severe storm caused damage to the roof of the house; Plaintiff reported the damage to Defendant promptly; Plaintiff provided a roof inspection report and hailstorm report to Defendant; and Defendant improperly denied coverage.  (D.E. 4 ¶¶ 8–13.)  While Plaintiff must overcome the "fairly debatable" standard to prevail on the bad faith claim, at this stage of the litigation, the standard Plaintiff must meet is to have pleaded a factually plausible claim. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.  Importantly, a bad faith claim is not subject to a heightened standard of factual particularity. *Cf. Twombley*, 550 U.S. at 570.  When performing a reasonable

reading of the Complaint and viewing the allegations in a light favorable to Plaintiff, *see Phillips*, 515 F.3d at 231, this Court finds that Plaintiff has plausibly pleaded that Defendant denied the claim without a debatable reason for doing so. Consequently, the matter shall proceed in the normal course; therefore,

Defendant's Partial Motion to Dismiss, (D.E. 5), is **DENIED**. An appropriate order follows.

                                                  /s/ Susan D. Wigenton  
                                                  **United States District Judge**

Orig:   Clerk  
cc:     Parties  
         Jose R. Almonte, U.S.M.J.